# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA PEREZ MENDOZA, | CASE NO. 1:15-cv-01404-DAD-EPG |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| | Initial Disclosure: Completed |
| | Nonexpert Discovery Cutoff: June 15, 2016 |
| | Mid-Discovery Status Conference: Date: May 17, 2016 Time: 10:00 a.m. |
| v. | Nondispositive Motion Filing Deadline: July 1, 2016 |
| | Dispositive Motion Filing Deadline: August 1, 2016 |
| | Settlement Conf.: **Not Set** |
| | Pretrial Conf.: Date: November 7, 2016 Time: 1:30 p.m. Dept: 5 |
| | Jury Trial: (5-7 day est.) Date: January 10, 2017 Time: 8:30 a.m. Dept: 5 |
| O'REILLY AUTO ENTERPRISES, LLC, | |
| Defendant. | |

This Court conducted a scheduling conference on December 17, 2015. Counsel John Briscoe telephonically appeared on behalf of Plaintiff. Counsel Ed Boniske telephonically appeared on behalf of the Defendant. Pursuant to Fed. R. Civ. P. 16(b), this Court sets a schedule for this action.

///

**I.    Amendment To The Parties' Pleadings**

Any motions or stipulations requesting leave to amend the pleadings must be filed no later than **January 12, 2016**.  The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule.  Fed. R. Civ. P. 16 (b) (4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992).  Moreover, any request for amendment under Fed. R. Civ. P. 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**II    Consent To Magistrate Judge**

The parties have not consented to Magistrate Judge jurisdiction.  Out of fairness, the Court believes it is necessary to forewarn litigants that the Fresno Division of the Eastern District of California now has the heaviest District Court Judge caseload in the entire nation.  While the Court will use its best efforts to resolve this case and all other civil cases in a timely manner, the parties are advised that not all of the parties' needs and expectations may be met as expeditiously as desired.  As multiple trials are now being set to begin upon the same date, parties may find their case trailing with little notice before the trial begins.  The law requires that the Court give any criminal trial priority over civil trials or any other matter.  The Court must proceed with a criminal trial even if a civil trial was filed earlier and set for trial first.  Continuances of any civil trial under these circumstances will no longer be entertained, absent a specific and stated finding of good cause.  All parties should be informed that any civil trial set to begin during the time a criminal trial is proceeding will trail the completion of the criminal trial.

The parties are reminded of the availability of United States Magistrate Judge Erica P. Grosjean to conduct all proceedings in this action.  A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  The same jury pool is used by both United States Magistrate Judges and United States District Court Judges.  Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.  However, the parties are hereby informed that no substantive rulings or decisions

will be affected by whether a party chooses to consent.

Finally, the Fresno Division of the Eastern District of California, whenever possible, is utilizing United States Article III District Court Judges from throughout the nation as Visiting Judges.  Pursuant to the Local Rules, Appendix A, reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.  Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial.

**III.   Fed. R. Civ. P. 26(a)(1)**

Initial disclosures have been completed**.**

**IV.   Discovery Cutoffs And Limits**

All non-expert discovery shall be completed no later than **June 15, 2016.**  The Court did not set expert discovery deadlines.

A Mid-Discovery Status Conference will be held on **May 17, 2016 at 10:00 a.m.,** in Courtroom 10, before Magistrate Judge Erica P. Grosjean.  The parties shall file a joint status report one week prior to the hearing.

**V.   Pretrial Motion Schedule**

*A.   Non-Dispositive Motions*

All Non-Dispositive Pre-Trial Motions, *including any discovery motions*, shall be filed no later than **July 1, 2016,** and heard in Courtroom 10 before Magistrate Judge Erica Grosjean. Non-dispositive motions are heard on Fridays at 10:00 a.m.  In scheduling such motions, the parties shall comply with Local Rule 230.

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[1] *all* moving and opposition briefs or legal memoranda filed in civil cases before Magistrate Judge Grosjean shall not exceed twenty five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limits do not include exhibits.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, provided a request to so do is made to Amanda Martinez, Magistrate Judge Grosjean's Courtroom

---

[1] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

3

Deputy, no later than five (5) court days before the noticed hearing date. Requests can be made by calling Ms. Martinez at (559) 499-5962, or via email at amartinez@caed.uscourts.gov. Although in-person appearances will not usually be required for out-of-town attorneys, the Court discourages telephonic appearances for local attorneys in the Fresno area. In the event that more than one party requests to appear by telephone, the parties shall coordinate a one-line conference call to the chamber's telephone number at (559) 499-5960.

### 1.   *Informal Discovery Conference*

In order to file a discovery motion pursuant to Fed. R. Civ. P. 37, a party must receive permission from the Court following an informal telephone conference. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue. Before contacting the Court, the parties must meet and confer by speaking with each other in person, over the telephone, or via video in an attempt to resolve the dispute.

Prior to the conference, both parties shall simultaneously submit letters, outlining their respective positions regarding the dispute. The Court will provide the date the letters are due at the time the conference is scheduled. Such letters shall be no longer than 3 pages single spaced, and may include up to 5 pages of exhibits. Letters shall be emailed to Magistrate Judge Grosjean's chambers at epgorders@caed.uscourts.gov, and *not* filed on the docket.

At the time of conference, the parties shall coordinate a one-line call to the chamber's number at (559) 499-5960. Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### 2.   *Discovery Motions*

If a motion is brought pursuant to Fed. R. Civ. P. 37, after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[2] In scheduling such motions, Magistrate Judge

---

[2] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). Motions to shorten time will *only* be granted upon a showing of good cause. If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement must be filed seven (7) calendar days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Grosjean's chambers via email to epgorders@caed.uscourts.gov. Courtesy copies for any pleading in excess of twenty-five pages (including exhibits) shall also be delivered to chambers at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

### B. *Dispositive Motions*

All Dispositive Pre-Trial Motions shall be served and filed no later than **August 1, 2016,** and will be heard before District Court Judge Dale A. Drozd. In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

#### 1. **Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ordered to meet, in person or by telephone, and discuss the issues to be raised in the motion at least twenty-one days prior to filing the motion. The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; and 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion.

**In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties.** The moving party is responsible for filing the joint statement. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered

above, or set forth a statement of good cause for the failure to do so.

**VI.    Settlement Conference**

A settlement conference has not been scheduled.  The parties may contact the Court if they determine that a settlement conference would be beneficial at any stage of the proceedings. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference. Additionally, the parties and the person or persons having full authority to negotiate and settle the case on any terms must be present at the conference.[3] Consideration of settlement is a serious matter that requires preparation prior to the settlement conference.  Set forth below are the procedures the Court will employ when conducting the conference.

*Confidential Settlement Statements*

At least five (5) court days prior to the settlement conference, each party shall submit a Confidential Settlement Conference Statement in Word format directly to the judge's chambers who is conducting the settlement conference.  The statement shall not be filed on the docket or served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the settlement conference clearly noted on the first page.  The Confidential Settlement Conference Statement shall include the following:

    A.  A brief statement of the facts of the case.

    B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C.  A summary of the proceedings to date.

    D.  An estimate of the cost and time to be expended for further discovery, pretrial

---

[3] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**VII. Pretrial Conference**

The pretrial conference is set for **November 7, 2016 at 1:30 p.m.,** in Courtroom 5, before District Court Judge Dale A. Drozd. The parties are directed to file a joint pretrial statement that complies with the requirements of this Court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Word format to Judge Drozd's chambers at dadorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282. This Court will insist upon strict compliance with these rules. At the pretrial conference, the Court will set deadlines to file motions *in limine*, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**VIII. Jury Trial Date**

A 5-7 day jury trial is set for **January 10, 2017 at 8:30 a.m.** in Courtroom 5 before District Court Judge Dale A. Drozd. The parties' attention is directed to this Court's Local Rule 285 for the preparation of trial briefs.

**VIX. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Defendant asks that the issue of punitive damages be bifurcated.

**X. Related Matters Pending**

There is no related litigation.

**XI. Compliance with Federal Procedures**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any

amendments thereto.  The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

**XII.  Effect Of This Order**

This order represents the Court and the parties' best estimated schedule to complete this case.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.***  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, that establish good cause for granting the requested relief.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **December 23, 2015**          /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE